**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

J.R., by and through Jennifer Rhines,
her next friend and mother, et al.,

     Plaintiffs,

v.                                           CV No. 17-0431 RB/CG

CHRIS STANDLEY, et al.,

     Defendants.

## STIPULATED CONFIDENTIALITY ORDER CONCERNING DOCUMENTS PRODUCED BY DEFENDANTS

     **THIS MATTER** is before the Court on Defendants' *Unopposed Motion for Entry of Stipulated Confidentiality Order*, (Doc. 50), filed September 18, 2017. Upon the stipulation of all parties, **IT IS HEREBY ORDERED**:

     1.     All Confidential Information produced or exchanged in the course of this litigation by the Defendants that is marked "confidential" shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof. Specifically, this Order is meant to cover the New Mexico Department Corrections policy on use of force, any personnel records of the Defendants and any medical records of the Plaintiffs.

     2.     Confidential Information shall not, without the consent of the Defendants producing it or further Order of the Court, be disseminated in any manner whatsoever to the public or disclosed to third parties except that such information may be disclosed to:

          a.     Attorneys actively working on this case;

          b.     Persons regularly employed or associated with the attorneys

actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. The parties, including designated representatives for the entity parties;

d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e. Employees of outsider copying, document imaging and facsimile services, provided that these individuals are aware that the confidential and/or proprietary documents are subject to the confidentiality order;

f. Mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter, provided that these individuals are aware that the confidential documents are subject to the confidentiality order;

g. The Court and its employees ("Court Personnel");

h. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

i. Deponents, witnesses or potential witnesses; and

j. Other persons solely by written agreement of the parties.

3.      Confidential Information may be used as exhibits during the course of a deposition, as long as it is clearly identified as such. Any such deposition exhibit or testimony regarding such exhibit shall not be filed with the Court except in accordance with paragraph 4 of this Order.

4.      The parties agree to limit submission of Confidential Information to those documents necessary to decide the matters pending before the Court.  The parties agree that before any party submits any such documents to the Court, including the submission of the Defendants confidential information in motions and pleadings, counsel will confer with the Defendants' counsel, and determine whether the documents may be filed with redactions or whether they must be filed under seal.

5.      No party nor their counsel shall disseminate documents produced pursuant to this Order to the public and such information is to be used for this lawsuit only.

6.      Nothing in this Order shall preclude any party from opposing production of any documents or information for any reason other than that it is Confidential Information or from seeking further or different relief should future activities indicate such need.

7.      This Order does not constitute any ruling on the question of whether the above-described documents are properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility.

8.      Upon the conclusion of litigation in this matter, the Defendants agree to request the return of material covered under this Order.  This request will trigger the other parties' obligation to return such materials. Materials will be returned within 30

days of the Defendants' request under this paragraph.

        9.    The parties and their attorneys affirm that even after return of the material covered under this Order, they will not publicly disclose or discuss the contents of the Confidential Information to the public or third parties.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

AGREED:

s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, NM 87501
(505) 988-5324
Richard.rosenstock@gmail.com

and

Pia Gallegos
Pia Gallegos Law Firm P.C.
116 14th St. S.W.
Albuquerque, NM 87102
(505) 842-8484
Pia@gallegoslaw.com
*Attorneys for Plaintiff*

ATWOOD, MALONE, TURNER & SABIN P.A.

/s/ Bryan Evans
Bryan Evans
Carla N. Williams
Barbara Evans
PO Drawer 700
Roswell, NM 88202
(575) 622-6221
bevans@atwoodmalone.com
cwilliams@atwoodmalone.com
bsmith@atwoodmalone.com
*Attorneys for Defendants*